## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **CASE NO. 1:18CR00577** |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| vs. | ) | **JUDGE JOHN R. ADAMS** |
| | ) | |
| | ) | |
| | ) | |
| **JARON PARRISH** | ) | **DEFENDANT'S** |
| Defendant. | ) | **SENTENCING MEMORANDUM** |

Now comes the Defendant, by and through counsel, and hereby submits the following sentencing memorandum in the instant matter. A sentencing date of April 23, 2019 at 2:00 pm is scheduled.

                                              Respectfully Submitted,

                                              /s/ Erik E. Jones
                                            ERIK E. JONES, ESQ. (#0075418)
                                            137 South Main Street, Suite 102
                                            The Delaware Building
                                            Phone  (234) 208-5020
                                            Facsimile (234) 205-2687
                                            erik@erikejoneslaw.com
                                            *Attorney for Defendant Jaron Parrish*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of April, 2019 a copy of the foregoing filed electronically, Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's system.

        Respectfully Submitted,

        /s/ Erik E. Jones
        ERIK E. JONES, ESQ. (#0075418)
        137 South Main Street, Suite 102
        The Delaware Building
        Phone  (234) 208-5020
        Facsimile (234) 205-2687
        erik@erikejoneslaw.com
        *Attorney for Defendant Jaron Parrish*

**MEMORANDUM**

A.   **Introduction**

Jaron was named in a one count indictment charging him with Felon on Possession of a Firearm, in violation of 18 U.S.C. §922(g)(1), 18 U.S.C. §924(a)(2).  He was summoned to appear for arraignment on December 4, 2018, where he pled not guilty and was granted a $20,000.00 unsecured bond.  On January 3, 2019, Jaron entered a plea of guilty to the charged offense.  This offense is a Class C Felony, punishable by nor more than ten years imprisonment and a $250,000.00 fine.

B.   **Defendant History**

   I. **Personal**

Jaron was born February 28, 1991 to unmarried parents Cynthia Parrish and Jamil Grant.  He was raised and resided with his mother but maintained a relationship with his father.  Jaron has half siblings on his mother's side that reside in Cuyahoga County and has a good relationship with them.  He also has half siblings on his father's side, but they live out of state, and although he has met them, they no longer have consistent contact.  Jaron has two children, Jaron Parrish Jr. (six years old) and Juelz Parrish (3 months old).

   II. **Medical and Mental Health**

Jaron presently has no significant physical ailments, although he reports a history of a broken hand and a broken jaw.  He has never been diagnosed with a mental health issue or received mental health services but has reported that he believes that he has an ager problem and that he suffers from stress and anxiety.  Jaron would welcome any mental health services that would be appropriate for his proper rehabilitation.

Jaron has admitted prior substance abuse including marijuana and alcohol.

### III. Education and Employment History

Jaron did not graduate from high school. He attended East Tech High School and Gideon High School but did not complete either.

Jaron has previously been employed as a factory worker and as a landscaper.

### IV. Prior Rehabilitation

Jaron has previously been in the custody of the Ohio Department of Rehabilitation and Corrections. While in custody, he has completed several programs, including Mind Over Mood, Anger Management, Cognitive Behavior Therapy, and other programs on the topics of anger, violence and criminal behavior consequences. He has also taken advantage of that time to complete French classes, Business Success classes and his G.E.D.

**C. Sentencing Computation**

### I. Criminal History

Jaron has a criminal history score of eight putting him in Criminal History category IV.

### II. Offense Level

At the time of the plea, it was believed that Jaron's base offense level was 22. However, the Presentence Report, AUSA Kane and counsel for Jaron now believe (as a result of recently decided case law) that his base offense level is 20. Additionally, Jaron has accepted responsibility therefore earning him a 3-level reduction yielding an adjusted offense level of 17.

### III. Guidelines Range

An offense level of 17 and a Criminal History Category IV yields a guideline range of thirty-seven to forty six months and falls within Zone C.

**D.     The Goals of Sentencing - 18 U.S.C. §3553(a)**

After **Booker**, federal sentencing is vastly different. Treating the Guidelines as advisory requires that the Court consider the guideline range calculation is merely one of many factors in determining a sentence *no greater than necessary to achieve the goals of sentencing* as set forth in 18 U.S.C. § 3553(a)(2). See **Gall v. United States**, 128 S.Ct.586, 597 n.6 (2007); **Kimbrough v. United States**, 128 S.Ct. 558, 570 (2007). The overriding principle and mandate of §3553(a) requires district courts to impose a sentence "sufficient, but not greater than necessary," to achieve the four purposes of sentencing as set forth in §3553(a)(2): (a) retribution; (b) deterrence; (c) incapacitation; and (d) rehabilitation. **Id**.

The "sufficient but not greater than necessary" requirement has been referred to as the "parsimony provision." See **United States v. Denardi**, 892 F.2d 269, 276-77 (3rd Cir. 1989). This Circuit has found that the parsimony provision serves as "the guidepost for sentencing decisions post-Booker" and sets an independent limit on the sentence a court may impose. **United States v. Ferguson**, 456 F.3d 660, 667 (6th Cir. 2006), see also **United States v. Cull**, 446 F.Supp.2d 961, 963 (E.D. Wis. 2006). Since §3553(a) requires a sentence to be no greater than necessary to meet the four purposes of sentencing, imposition of a sentence greater than necessary to meet those purposes is reversible, even if within the applicable guideline range. **Id**.

**E.     The Guidelines and Other Factors Courts Must Consider in Determining a Punishment that Fulfills the Sentencing Mandate under §3553(a)(2)**

In determining the sentence minimally sufficient to comply with the §3553(a)(2) purposes of sentencing, the court must consider several factors listed in §3553(a). Those factors include:

(1)     the nature and circumstances of the offense and the
         history and characteristics of the defendant;

  (2)  the need for the sentence imposed -

    (A)  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B)  to afford adequate deterrence to criminal conduct;

    (C)  to protect the public from further crimes of the defendant; and

    (D)  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

  (3)  the kinds of sentences available;

  (4)  the advisory guideline range;

  (5)  any pertinent policy statements issued by the Sentencing Commission;

  (6)  the need to avoid unwarranted sentence disparities; and

  (7)  the need to provide restitution to any victims of the offense.

See, 18 U.S.C. §3553(a) (2007).  See generally **Rita v. United States**, 127 S.Ct. 2456, 2463-65 (2007); **Kimbrough v. United States**, 128 S.Ct. 558 (2007); **Gall v. United States**, 128 S.Ct. 586 (2007); **Spears v. United States**, 129 S.Ct. 840 (2009).

  While district courts must in all cases "consider" the guideline range, **Booker**, 543 U.S. 220, 245-46, the Guidelines do not subordinate the other factors in §3553(a).  As this Circuit has pointed out, the sentencing mandate under §3553(a) serves as "the guidepost for sentencing decisions post-Booker" **Ferguson**, 456 F.3d at 667, and the Guidelines carry no more weight than any other factor under §3553(a).  Importantly, a sentencing court may not presume that a sentence within the guideline

range is reasonable. **Rita**, 127 S.Ct at 2463-65.

In a post-Booker world federal district judges have significant discretion to impose sentences below (or above) those called for under the Sentencing Guidelines. See **Spears v. Untied States**, 129 S.Ct. 840 (2009); **Kimbrough v. United States**, 128 S.Ct. 558, 570 (2007); **Gall v. United States**, 128 S.Ct. 586, 597 n.6 (2007). A non-guideline sentence may not be presumed to be unreasonable, and district courts need not impose sentences greater than they believe necessary out of fear of reversal. **Rita** at 2467. Instead, after determining the Guideline range, the sentencing court may decide that a sentence in that range:

> should not apply, perhaps because (as the Guidelines themselves foresee) the case at hand falls outside the "Heartland" to which the Commission intends individual Guidelines to apply, U.S.S.G. § 5K2.O, perhaps because the Guidelines sentence itself fails properly to reflect §3553(a) considerations, or perhaps because the case warrants a different sentence regardless. See Rule 32(f).

**Rita**, 127 S.Ct. At 2465. District courts may even consider arguments that a particular guideline reflects "an unsound judgment" generally. **Rita** at 2468; **Spears** at 843. The appellate courts should not disturb the court's judgment if the sentencing judge provides reasons for the sentencing decision. **Rita** at 2468.

**F. Application of Sentencing Factors**

Applying the Sentencing factors in §3535(a)(2), this Court can fashion a sentence which will balance the need for incarceration relative to the seriousness of his conduct. Counsel requests that this Court impose a sentence which reflects the same. Although this is a firearm charge, Jaron did not cause harm or attempt to harm another. He did not impede or obstruct justice. Jaron has accepted responsibility for his actions. He has a prior criminal record, but his criminal history is void of crimes

of violence or controlled substance offenses.  His criminal conviction history is comprised of four felonies, nine misdemeanors and one minor misdemeanor.

**G. Conclusion**

Jaron's case presents precisely the type of factors that should be considered by the courts after **Booker**.  The succession of cases after **Booker**, including **Rita**, **Gall**, **Kimbrough**, and **Spears**, all demonstrate that this court has the authority and duty to consider the above-mentioned factors when arriving at a sentence that fulfills the sentencing mandate of §3553.

                                  Respectfully Submitted,

                                  /s/ Erik E. Jones
                                ERIK E. JONES, ESQ. (#0075418)
                                137 South Main Street, Suite 102
                                The Delaware Building
                                Phone  (234) 208-5020
                                Facsimile (234) 205-2687
                                erik@erikjoneslaw.com
                                *Attorney for Defendant Jaron Parrish*