# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
|  | : | Case No. 1:18-CR-00577 |
| Plaintiff, | : | 1:20CV1098 |
|  | : | |
| v. | : | Judge John R. Adams |
|  | : | |
| JARON PARRISH, | : | |
|  | : | **JUDGMENT** |
| Defendant. | : | |

Petitioner Jaron Parrish's Motion to Vacate Sentence and Order of Restitution under 28 U.S.C. § 2255 (Doc. 38) is pending before the Court.  Upon consideration of the motion and applicable law, Petitioner's motion and his related motion to show cause (Doc. 39) are DENIED.

Petitioner seeks relief from his conviction under 18 U.S.C. § 922(g)(1) for being a felon in possession of a firearm.  With the assistance of counsel, Petitioner pleaded guilty.  The Court accepted the plea agreement and sentenced petitioner on April 20, 2019.

Petitioner in his Section 2255 motion claims the benefit of *Rahaif v United States*, 139 S.Ct. 2191 (2019), decided June 21, 2019.  In *Rahaif*, the lower courts had treated § 922(g) essentially as if it were a strict liability offense, holding that the Government could win if it could prove the defendant had a particular prohibited status and possessed a firearm, regardless of whether the defendant knew either of those facts.  The Supreme Court reversed the lower courts, and instead interpreted the statute to require proof that a charged defendant knew both that he had the prohibited status, and that he possessed the firearm.

Here, Petitioner argues that his sentence should be vacated because the grand jury was not instructed on or informed about the scienter requirement recognized by the Supreme Court in *Rahaif*. Recognizing that *Rahaif* was decided after his conviction, Petitioner claims that *Rahaif* should apply retroactively. This Court disagrees.

The consensus among circuit courts that have addressed the issue is that *Rahaif* was not made retroactive to cases upon collateral review. In *Khamisi-El v. United States*, 800 Fed Appx. 344, 349 (6th Cir. 2020), the Sixth Circuit held that *Rahaif* was a matter of statutory interpretation, but did not even suggest that it was a new rule of constitutional law that would be retroactively applicable to a case on collateral review. In fact, the Sixth Circuit denied Khamisi-El permission even to file a second Section 2255 motion to raise that question. Other courts have reached similar conclusions. *See In re Sampson*, 954 F.3d 159, 161 (3d Cir. 2020) ("*Rehaif* did not state a rule of constitutional law at all. Rather, it addressed what the s*tatutes* enacted by Congress require for a conviction under 18 U.S.C. §§ 922(g) and 924(a)(2).") (emphasis in original); *In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019) ("even if *Rehaif* had announced a new rule of constitutional law ... it was not made retroactive to cases on collateral review by the Supreme Court"); *United States v. Class*, 930 F.3d 460, 469 (D.C. Cir. 2019) (*Rahaif* resolved an issue of statutory construction, not the constitutional right to due process).

The Court finds persuasive the reasoning of the courts that have held that *Rahaif* did not announce a new rule of constitutional law, but rather resolved an issue of statutory construction, and therefore is not applicable retroactively to matters on collateral review. Petitioner has not brought to the Court's attention any contrary authority directly on point. Accordingly, Petitioner's motion to vacate his sentence under 28 U.S.C. § 2255 (Doc. 38), and his related motion to show cause (Doc. 39), are DENIED. Furthermore, the Court certifies, pursuant to 28

3

U.S.C. § 1915 that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

IT IS SO ORDERED.

DATED:  9/4/2020                                             s/John R. Adams
                                                                                    JOHN R. ADAMS
                                                                                    UNITED STATES DISTRICT JUDGE